STATE OF NEBRASKA v. JOHN S. GIPSON.

FILED NOVEMBER 9, 1909.   No. 16,210.

ERROR to the district court for Lancaster county: LINCOLN FROST and WILLARD E. STEWART, JUDGES. *Dismissed.*

*John M. Stewart, T. F. A. Williams, C. C. Flansburg* and *Leonard Flansburg,* for plaintiff in error.

*Greene & Greene, contra.*

*T. J. Doyle* and *E. C. Strode, amici curiæ.*

PER CURIAM.

So far as can be ascertained from the record in this proceeding, no complaint was ever filed before any county judge, justice of the peace, police judge or other examining magistrate against the defendant in error. No warrant was ever issued or served on him, and no *bona fide* prosecution was maintained against him. It appears that no information was ever filed in the district court for Lancaster county against Gipson by the county attorney, or any other person authorized by him or by law to prosecute the defendant. Criminal code, sec. 579. But a so-called complaint or information was verified and filed by a private person, which, to say the least, is unique in that it invites a demurrer as to its sufficiency. The attorneys for the defendant entered his voluntary ap-

pearance and demurred to the so-called complaint. The district court sustained the demurrer and dismissed the proceeding. Thereupon a stipulation was entered into by which it was provided that the transcript should be filed in this court, that the cause should be advanced, and an immediate hearing was requested. It thus appears that our opinion is sought as to the validity of rule 27 of the excise board of the city of Lincoln in what we think may be fairly said to be a proceeding of which it appears the district court never acquired jurisdiction. Rule 12 of this court based upon the statutes and our former decisions reads as follows: "Only questions involved in matters of actual litigation before the court will be entertained or judicially determined; and no opinion will be filed in answer to any merely hypothetical question."

It follows that, without violating the above rule and departing from the course which we have heretofore pursued in relation to such matters, we cannot render such an opinion. It is therefore ordered that the proceeding be

DISMISSED.